UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,                           :
:   CASE NO. 1:11-CR-496
　　　　　Plaintiff,                                  :
:
v.                                                  :   OPINION & ORDER
:   [Resolving Doc. 30]
ALLEN BROWN, JR.,                                   :
:
　　　　　Defendant.                                  :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

　　　　On February 16, 2016, Allen Brown requested the appointment of counsel to assist with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Brown's potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

### I.　　Discussion

　　　　The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2] Section 2255 habeas petitions are civil actions.

　　　　Brown would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a residual clause crime of violence. *Johnson* does not change the career offender decisions involving felony drug convictions and categorical violent crimes.

　　　　In calculating Allen Brown's base offense level, the pre-sentence report listed two "felony convictions of either a crime of violence or a controlled substance offense [specifically,

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 11-cr-496
Gwin, J.

Attempted Robbery under Cuyahoga County Common Pleas Case No. CR-02-425303 and Trafficking Offenses under Cuyahoga County Common Pleas Case No. CR-08-508693]."[3]

The controlled substance offense, Trafficking, is not affected by the *Johnson* decision because it was not classified as a crime of violence.

Moreover, a closer examination of Brown's PSR reveals that he was sentenced for a number of other felony controlled substance offenses, namely, Drug Possession (F4) in Cuyahoga County Common Pleas Case No. CR-05-461617; Drug Possession (F4) in Cuyahoga County Common Pleas Case No. CR-06-0481199-A; and Drug Possession (F4) in Cuyahoga County Common Pleas Case No. CR-06-485033.[4]

Thus, Brown's career offender guidelines calculation would not be affected post-*Johnson* because the pre-sentence report still lists at least two felony convictions for a controlled substance offense. Even if the attempted robbery offense were not to count as a crime of violence given this Court's decision in *United States v. Patterson*[5], Brown's guidelines calculation would remain the same due to his other felony controlled substance convictions.

Brown has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

---

[3] Presentence Investigation Report at ¶20.
[4] *Id*. at ¶¶54,58,61.
[5] United States v. Patterson, No. 5:14-CR-289, 2015 WL 5675110, at *2 (N.D. Ohio Sept. 25, 2015)(finding that Ohio robbery is not a crime of violence post-*Johnson*).

Case No. 11-cr-496
Gwin, J.

## II. Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.


Dated:  April 11, 2016                                          *s/          James S. Gwin*
                                                                                JAMES S. GWIN
                                                                                UNITED STATES DISTRICT JUDGE