UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| ALLEN BROWN, JR., | : | Case No. 1:11-CR-496 |
| | : | Case No. 1:16-CV-1427 |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 34] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Allen Brown, Jr., petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced as a career offender under the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] The Supreme Court's recent opinion in *Beckles v. United States*[2] defeats his argument.

Petitioner Brown's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.[3]

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[4] If a sentencing court imposed an increased sentence based on felonies that only qualified under the residual clause, that sentence violated a criminal defendant's constitutional right to due process.[5]

---

[1] Doc. 34. The Government opposes. Docs. 36. Brown replies. Doc. 37.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] Doc. 34 at 1-2.
[4] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[5] *Id.*

Case No. 1:11-CR-496
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[6]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutionally vague in *Johnson*.[7] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[8]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[9]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Petitioner Brown's § 2255 petition. Furthermore, there is no basis upon which to issue a certificate of appealability.[10]

IT IS SO ORDERED.

Dated: April 6, 2017       *s/        James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[6] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[7] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[8] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[9] *Id.*
[10] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

-2-